JULIUS KAUFMAN, plaintiff in error, *vs.* MYERS & MARCUS, defendants in error.

Where a distress-warrant, for rent due by the contract, in American gold coin, was taken out, and an issue was made as to the amount due, under the 4012th section of the Code:

*Held*, that it was not error for the Court below to charge the jury in accordance with the law as detertimined by this Court, in *that particular case.*

Distress-warrant. Legal tender notes. Decided by Judge SNEAD. City Court of Augusta. August Term, 1868.

Myers & Marcus sought, by distress-warrant, to collect from Kaufman certain rents, which Kaufman had promised to pay them " in American gold coin" the sum sworn to, being the sum promised "in American gold coin." Kaufman contended that he could discharge his said promise by United States legal tender treasury notes, at their nominal value, though they were at a discount as compared with American gold coin. The Court below held that Kaufman could so discharge his said promise. This Court reversed that judgment, and ordered a new trial. See 37*th Geo. R.*, 601.

When the case went to trial again, the plaintiffs asked for a verdict for the amount of rent admitted to be due, in Amer-

ican gold coin, *plus* the admitted premium on American gold coin, in greenbacks. The defendants' attorney objected to this, and asked the Court to charge the jury that a distress-warrant is an execution, and can only issue for money generally; that though the contract in this case may have been specific, yet, the plaintiffs, having elected a distress-warrant as their form of remedy, could not, in that form of proceeding, recover more than the amount expressed therein in the legal currency of the country, known as United States legal tender treasury notes.

The Court refused so to charge, but charged that this case, having been carried to the Supreme Court, and the decision of the City Court having been reversed, the judgment of the Supreme Court should govern all similar cases, and was the special law of this case, and that they should find in accordance with said Supreme Court decision; that under said decision, plaintiffs could recover, in that form of action, the market value of the sum of money, in American gold coin, which they claimed to be due. The jury found accordingly. The defendant's attorney assigns as error said charge of the Court.

HOOK & CARR, for plaintiff in error, said : A distress-warrant is only a *fi. fa.* Cobb's Dig., 900. Code, section 4011. *Smith vs. Green et al.,* 34 *Ga. R.,* 179. *Holland vs. Brown,* 15 *Ga. R.,* 113. A *fi. fa.* can issue for money only. Schoenberger vs. Watts, Am. L. R. U. S., 1560. It is enforced by sale. Code, sections 3576, 3599. A *fi. fa.* for one sum, to be paid in another, is unknown to the law, and therefore illegal. LeCaux vs. Eden, Douglass, 594; Ashby vs. White *et al.*; 2 Ld. Raymond, 944; Lyttleton, section 108 ; Dyer, 229; Wood vs. Brillens, 6 Allen, 516. The distress-warrant must be for a sum certain. Statute Anne, 8, c. 14, amendatory of 2 W. & M., c. 5; 2 Geo. R., 11, c. 19 ; 1 Bay R. 315 and 443; Marshal vs. Giles, 3 Brev. R., 488 ; Stephens U. P. 1317 ; Blackstone's Com., 111–6–14. Distress-warrant does not lie for specifics. Clark vs. Froley, 3 Blackford R., 264; Owens vs. Conner, 1 Bibb R., 605.

Shaifer & Co., *vs.* Baker & Caswell.

BARNES & CUMMING, (per L. STEPHENS,) for defendants in error.

WARNER, J.

This was a proceeding, under the Code of this State, by a distress-warrant, to recover the amount due for rent of certain premises, payable, by the terms of the contract, in American gold coin. This case was before this Court at the last term, when the judgment of the Court below was reversed, and a new trial ordered, upon the ground that the Court erred in holding, that a contract for the payment of a specific sum, in American gold coin, could be discharged by the payment of the same nominal sum, in what is generally known as United States legal tender treasury notes. Upon the new trial, in the Court below, that Court charged the jury in conformity with the law as ruled by this Court in that particular case. There was no error in the charge of the Court below upon that point.

Judgment affirmed.